IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| PATRICIA EDWARDS TARPLEY <br><br> and <br><br> TIMOTHY TARPLEY <br><br> Plaintiffs, <br><br> v. <br><br> CHUNG HO CHUNG <br><br> Defendant | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Civil No.: BPG-19-3288 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Currently pending before the court are defendant's Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, Motion for Summary Judgment, Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) ("Motion") (ECF No. 13), plaintiffs' Response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment on Grounds of Personal Jurisdiction ("Opposition") (ECF No. 15), defendant's Reply Memorandum of Points and Authorities in Further Support of Motion to Dismiss Plaintiffs' Complaint, or in the Alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) ("Reply") (ECF No. 17); plaintiffs' Motion for Leave to Propound Discovery or, in the Alternative, for a Scheduling Order ("Motion for Leave") (ECF No. 16); and defendant's Response in Opposition to Plaintiffs' Motion for Leave to Propound Discovery ("Opposition to Motion for Leave") (ECF No. 18). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, defendant's Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, Motion for

Summary Judgment, Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (ECF No. 13) is granted in part and denied in part.  Defendant's Motion to Dismiss based on Rule 12(b)(2) is granted and defendant's Motion to Dismiss based on Rule 12(b)(6) or, in the alternative, Motion for Summary Judgment are denied as moot.  Plaintiffs' Motion for Leave to Propound Discovery or, in the Alternative, for a Scheduling Order (ECF No. 16) is denied.

I. **BACKGROUND**

Plaintiffs bring this negligence claim arising from a motor vehicle accident that occurred in Tennessee on November 27, 2016.  (ECF No. 1 ¶ 4).  Plaintiffs were passengers in a vehicle that was struck by a tractor-trailer operated by defendant.  (Id.)  Plaintiffs contend that jurisdiction is proper in this court based upon diversity jurisdiction.  Specifically, plaintiffs allege that there is complete diversity among the parties because plaintiffs are residents of Maryland and defendant is a resident of Michigan.  (Id. at 1).  Moreover, the amount in controversy exceeds $75,000.  (Id. ¶ 3).  Defendant moves to dismiss plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, in the alternative, Rule 12(b)(6) for failure to state a claim.  (ECF No. 13 at 1).[1]

II. **STANDARD OF REVIEW**

A challenge to personal jurisdiction under Rule 12(b)(2) "is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th

---

[1] Although defendant moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim, the court need not address this alternate basis for dismissal as the case will be dismissed for lack of personal jurisdiction.

2

Cir. 2003) (quoting Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir.1993)). "[W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id.

"[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." Carefirst of Maryland, Inc., 334 F.3d at 396. "The Maryland courts have consistently held that the state's long-arm statute [Md. Code Ann., Courts & Jud. Proc. § 6–103] is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." Id. Thus, the statutory and constitutional inquiries merge. Id. at 396–97.

"A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" Id. at 397 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). A court may exercise two types of jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1780

(2017).  Specific jurisdiction arises when there is "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  Id.; Carefirst of Maryland, Inc., 334 F.3d at 397.  "If, however, the defendant's contacts with the state are not also the basis for the suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the state."  Carefirst of Maryland, Inc., 334 F.3d at 397.  "To establish general jurisdiction, the defendant's activities in the state must have been 'continuous and systematic.'"  Id.; see Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–16 (1984).

### III.   DISCUSSION

Defendant argues that this court has neither specific nor general jurisdiction over him.  (ECF No. 13-1 at 16).  The court agrees.  This court lacks specific jurisdiction over defendant because the accident occurred in Tennessee.  Yakovets v. Bailin, Civil No. JKB-13-3439, 2014 WL 279697, at *2 (D. Md. Jan. 23, 2014) (finding no specific jurisdiction in Maryland over cause of action that arose from a vehicle accident that occurred in the District of Columbia).

Likewise, nothing in the Complaint allows the conclusion that this court has general jurisdiction over defendant.  Plaintiffs allege that defendant "regularly drives as a professional driver engaged in interstate commerce through the district" and he makes and/or picks up deliveries within the district.  (ECF No. 1 ¶ 2).  According to defendant's affidavit, he is a resident of Michigan; has never been a resident of Maryland; and has never been employed, had a set delivery route, conducted regular business, or habitually engaged in commercial truck driving in Maryland.  (ECF No. 13-2 at 1–2).  Plaintiffs, on the other hand, point to two

occasions in which defendant operated a commercial vehicle in Maryland to support their claim of jurisdiction.  (ECF No. 15 at 3).  Specifically, plaintiffs assert that defendant was issued a traffic citation in Maryland in 2016 and his vehicle was inspected at a Maryland Inspection Station in 2018.  (Id.)  These two incidents, however, do not demonstrate that defendant had "continuous and systematic" contacts with Maryland and, therefore, are not enough to establish the minimum contacts necessary to assert jurisdiction over defendant.  See Carefirst of Maryland, Inc., 334 F.3d at 397; see also Tyler v. Gaines Motor Lines, Inc., 245 F. Supp. 2d 730, 731–34 (D. Md. 2003) (trucking company that drove over 100,000 miles annually in Maryland did not have sufficient contacts with Maryland to establish personal jurisdiction).  Moreover, in a related case regarding the same accident as the one at issue in this case, Chief Judge Bredar found that asserting jurisdiction over defendant based on "two unrelated instances of incidental contact with the State of Maryland, in the form of long-haul truck trips across portions of the State in the past" was insufficient to establish the requisite minimum contacts.  (ECF No. 13-9 at 1).  Chief Judge Bredar further stated that it "would violate all notions of fair play to conclude that the Defendant had purposely availed himself of the protections of the law of Maryland by virtue of these de minimis contacts."  (Id.)  In sum, plaintiffs have failed to allege or otherwise demonstrate that this court has personal jurisdiction over defendant.  As a result, this case must be dismissed for lack of personal jurisdiction.

In their Opposition and Motion for Leave, plaintiffs ask for an opportunity to complete limited discovery to determine the level of contacts defendant has with the state of Maryland and whether he would be subject to suit in Maryland under Md. Code Ann., Courts & Jud. Proc. § 6–103.  (ECF Nos. 15 at 1, 16 at 1).  Courts may deny jurisdictional discovery when a plaintiff "offers only speculation or conclusory assertions about contacts with a forum state," Carefirst of

page

Maryland, Inc., 334 F.3d at 402–03, or does not "proffer any further facts that it could demonstrate that would be material to the limited jurisdictional ruling." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 716 n.3 (4th Cir. 2002). Moreover, courts "need not permit even limited discovery confined to issues of personal jurisdiction" "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants." Carefirst of Maryland, Inc., 334 F.3d at 403.

Plaintiffs argue that defendant's factual support draws heavily on the case decided by Chief Judge Bredar discussed above and that they are unable to "properly present facts" to oppose defendant's Motion "[u]nless and until discovery can be had." (ECF No. 16 at 2). Defendant opposes plaintiff's Motion for Leave arguing that plaintiffs' request for limited discovery is procedurally deficient and substantively without merit. (ECF No. 18 at 2). First, defendant contends that the request is procedurally deficient because plaintiffs did not proffer the facts they seek to ascertain through discovery or show how these facts would alter the personal jurisdiction analysis. (Id. at 3–4). Second, defendant argues that the request is substantively without merit because the discovery to be obtained is already available through the public record. (Id. at 4).

Here, plaintiffs fail to support the factual allegation that defendant "regularly drives as a professional driver engaged in interstate commerce through the district" and he makes and/or picks up deliveries within the district. (ECF No. 1 ¶ 2). Further, as defendant notes, plaintiffs' Motion for Leave fails to proffer any facts that they seek to uncover showing that defendant has the requisite minimum contacts for jurisdiction in this court. (ECF No. 18 at 2–3). In addition, plaintiffs do not contest the specific denials made by defendant that he lacks the minimum contacts with Maryland for this court to establish jurisdiction over him. (See ECF No. 13-2 at 1–

2). As a result, plaintiffs' speculative and conclusory assertions about defendant's conduct with Maryland fail to meet the standard for jurisdictional discovery. Carefirst of Maryland, Inc., 334 F.3d at 403 (affirming the lower court's denial of jurisdictional discovery where plaintiff did not provide a concrete proffer, there was "no indication of fraud or intentional misconduct" in defendant's jurisdiction affidavits, and there was "no reason to believe that the additional information that [plaintiff] sought . . . would . . . alter [the] analysis of personal jurisdiction"). Accordingly, I conclude plaintiffs have not met their burden of establishing that further discovery would yield facts that would be material to the jurisdictional issue and plaintiffs' Motion for Leave is denied.

## IV.  CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, Motion for Summary Judgment, Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (ECF No. 13) is GRANTED in part and DENIED in part. Defendant's Motion to Dismiss based on Rule 12(b)(2) is GRANTED and defendant's Motion to Dismiss based on Rule 12(b)(6) or, in the alternative, Motion for Summary Judgment are DENIED as moot. Plaintiffs' Motion for Leave to Propound Discovery or, in the Alternative, for a Scheduling Order (ECF No. 16) is DENIED. A separate order will be issued.

August 19, 2020                                    /s/
                                                            Beth P. Gesner
                                                            Chief United States Magistrate Judge